**Valerie E. JOHNSON, Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

No. 04–3012.

United States Court of Appeals, Federal Circuit.

DECIDED: May 6, 2004.

Valerie E. Johnson, Of Counsel, Alamogordo, NM, for Petitioner.

James W. Poirier, Principal Attorney, Kathryn A. Bleecker, Of Counsel, David M. Cohen, Of Counsel, Department of Justice, Washington, DC, for Respondent.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

Petitioner Valerie E. Johnson, filed the present petition for review of the final decision of the Merit Systems Protection Board (Board), dated August 21, 2003. The Board's decision held that it lacked jurisdiction over petitioner's individual right of action (IRA) appeal. Because the Board did not err in reaching its decision, this court *affirms*.

## BACKGROUND

Petitioner was employed by the United States Department of Defense (agency) as a Sales Store Checker. During her probationary period, petitioner was terminated from that position, effective November 1, 1997, due to "attendance, rudeness and lack of good customer service." *Johnson v. Dep't of Defense*, 95 M.S.P.R. 192, ¶ 2 (2003). The official responsible for making

the decision to terminate petitioner was Sharon Hoffler. Ms. Hoffler conferred with Michael Mena in reaching the decision. Petitioner believes she was terminated in retaliation for statements she made during a meeting with the Deputy Director of the Commissary and other employees in September 1997. Ms. Hoffler and Mr. Mena were not present at the meeting.

Petitioner filed a complaint with the Office of Special Counsel (OSC) alleging she was removed from her position in retaliation for whistleblowing. OSC closed petitioner's file and informed petitioner of her right to file an IRA appeal with the Board. Petitioner filed her IRA appeal, which the Board ultimately dismissed for lack of jurisdiction. Specifically, the Board held that petitioner did not make a nonfrivolous allegation that her alleged protected disclosures were a contributing factor in her removal because she did not allege that Ms. Hoffler was aware of the statements at the time of removal. This petition for review followed.

## DISCUSSION

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999). "[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'nonfrivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir.2001) (citations omitted).

Petitioner exhausted her administrative remedies before the OSC before filing her IRA appeal with the Board. Petitioner alleged that she had made a protected disclosure as defined in 5 U.S.C. § 2302(b)(8). Thus, the sole jurisdictional issue on appeal is whether petitioner's allegations satisfy the requirement to make a nonfrivolous allegation that the protected disclosure was a contributing factor in the decision to terminate petitioner's employment.

Petitioner believes her factual allegations establish jurisdiction and that she is entitled to a hearing on the merits of her case. What petitioner misses, however, is that the Board's decision was based on petitioner's version of the facts. The Board found that petitioner did not allege that the deciding officer, Ms. Hoffler, knew of the asserted protected disclosures at the time petitioner was terminated.

Having reviewed the Board's decision and the record, this court agrees that petitioner did not make a nonfrivolous allegation that her protected disclosures were a contributing factor in the decision to terminate her employment. Petitioner's appeal merely alleges she made protected disclosures and that she was subsequently terminated. She did not allege facts that tie the two occurrences together, such as Ms. Hoffler learning of the protected disclosures prior to terminating petitioner's employment. Because petitioner failed to meet this prong of the jurisdictional test, this court affirms the Board's decision to dismiss petitioner's appeal for lack of jurisdiction.