# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MAYRA B. TORRES, | DOCKET NUMBER |
| Appellant, | AT-1221-14-0431-W-2 |
| v. | |
| DEPARTMENT OF | DATE: January 12, 2016 |
| TRANSPORTATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mayra B. Torres, Miami, Florida, pro se.

William P. Vines, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this final order to reflect that the appellant made a nonfrivolous allegation of a protected disclosure, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The agency suspended the appellant for 5 days beginning on August 27, 2012, for inappropriate conduct in the workplace on March 19-20, 2012.  *Torres v. Department of Transportation*, MSPB Docket No. AT-1221-14-0431-W-2 (W-2 File), Tab 5, Subtabs 4G, 4I.  The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that her manager suspended her for 5 days because she disclosed to the agency's Security and Investigations Division that her manager committed time and attendance fraud by allowing an employee to misrepresent her time and attendance record.  W-2 File, Tab 7 at 5.  The appellant also alleged that she participated as a witness in the related investigation.  *Id*.  OSC issued a letter acknowledging that the appellant made a protected disclosure and informed her that OSC had closed its investigation of her complaint and that she could file a request for corrective action with the Board.  *Id*. at 5, 7.  The appellant filed a timely IRA appeal alleging that the agency suspended her in retaliation for making protected disclosures when she was cooperating with special agents investigating another employee's complaint filed

with the agency's inspector general (IG) concerning time and attendance discrepancies. *Id*. at 2-4; *Torres v. Department of Transportation*, MSPB Docket No. AT-1221-14-0431-W-1 (W-1 File), Tab 1 at 4.[2]

¶3    Based on the parties' written submissions, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. W-2 File, Tab 9, Initial Decision (ID) at 1. The administrative judge found that the appellant failed to make a nonfrivolous allegation that she made a protected disclosure within the meaning of the Whistleblower Protection Act (WPA). ID at 5-6. The administrative judge also found that the appellant failed to make a nonfrivolous allegation that her alleged protected disclosure was a contributing factor to the personnel action taken against her. ID at 6.

¶4    The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. For the first time on review, the appellant submits the agency's October 23, 2013 letter proving that her supervisor received a written reprimand on April 9, 2013, for allowing two employees to enter inaccurate information in their time and attendance reports. *Id*. at 25-26. The appellant argues that this evidence previously was unavailable and that it proves her allegation that her supervisor knew about the employees' time and attendance irregularities.[3] *Id*. at 3. The appellant also argues that this evidence would have changed the administrative judge's decision and that she could have presented witnesses to prove her case at a hearing. *Id*. at 2-10. The agency responded in opposition to her petition for review, and the appellant replied. PFR File, Tabs 4-5, 7, 9.

---

[2] The administrative judge dismissed the appellant's first IRA appeal without prejudice, and the appellant refiled her appeal on November 19, 2014. W-1 File, Tab 9, Initial Decision (W-1 ID) at 3; W-2 File, Tab 1.

[3] On review, the agency does not address the October 23, 2013 letter submitted by the appellant or dispute that it was previously unavailable to the appellant. The appellant attempted to obtain this evidence in her first IRA appeal by filing a motion to compel, which the administrative judge deemed incomplete and did not consider in his decision granting the appellant's request to dismiss her appeal without prejudice to refiling. W-1 File, Tab 5; W-1 ID at 2 & n.1.

¶5    The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that:  (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  The record shows the appellant exhausted her remedy before OSC concerning her allegation that her supervisor suspended her for 5 days because she disclosed to the agency's Security and Investigations Division that her supervisor committed time and attendance fraud by allowing an employee to misrepresent her time and attendance record.  W-2 File, Tab 7 at 5.

¶6    Accordingly, to satisfy the jurisdictional threshold, the appellant must nonfrivolously allege that she made a protected disclosure that was a contributing factor to a personnel action.  *See Yunus*, 242 F.3d at 1371.  Whether the appellant's allegations can be proven on the merits is not part of the jurisdictional inquiry.  *Ingram v. Department of the Army*, 114 M.S.P.R. 43, ¶ 10 (2010).  The determination of whether an appellant has presented nonfrivolous allegations is determined on the written record; if jurisdiction exists, the Board then conducts a hearing on the merits.  *Id*.

The appellant made a nonfrivolous allegation of a protected disclosure.

¶7    A protected disclosure under 5 U.S.C. § 2302(b)(8) is any disclosure of information by an employee which the employee reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  The proper test for determining if an employee had a reasonable belief that his disclosures revealed misconduct prohibited under the WPA is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the

government evidence wrongdoing as defined by the WPA.  *Lachance v. White*, 174 F.3d 1378, 1381 (Fed.  Cir.  1999).

¶8        The administrative judge found that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could not reasonably conclude that the appellant's supervisor either committed time and attendance fraud or allowed another employee to misrepresent her time and attendance record.  ID at 4.  The administrative judge also found that the appellant failed to allege nonfrivolously that she made a protected disclosure within the meaning of the WPA because she had only mere suspicion to support her alleged protected disclosure.  ID at 5-6.  We disagree.

¶9        As indicated above, the appellant need not prove that the situation that she disclosed actually established fraud, waste, or abuse; she only needs to allege that she reasonably believed that her disclosure evidenced one of the circumstances stated in 5 U.S.C. § 2302(b)(8).  *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 17 (2011).  Moreover, the Board does not require an appellant to correctly label the category of wrongdoing under 5 U.S.C. § 2302(b)(8).  *Tullis v. Department of the Navy*, 117 M.S.P.R. 236, ¶ 7 (2012).  The appellant asserted on appeal that she made a disclosure that an employee worked less hours than she submitted on her time and attendance report and that the appellant informed her supervisor but she took no action against the employee.  W-2 File, Tab 7 at 2, 16.

¶10        The appellant alleged that she disclosed this information to special agents who asked for her cooperation in their investigation of a complaint filed with the IG's office by another employee disclosing time and attendance fraud.  *Id.*  The appellant characterized her disclosure as evidence of "Fraud, Waste and Abuse" by her manager and an employee.  *Id.* at 2.  The appellant also alleged that she was a key witness in the investigation, that the investigators told her to keep the records safe and not to discuss anything, that she provided the investigators with documents, and that her supervisor altered evidence before the investigators

arrived. *Id*. at 2-3, 10-11, 16. The appellant alleged that she noticed the alleged time and attendance fraud during the course of her duties, which included inputting the employees' time and attendance sheets into the agency's Castle system. *Id*. at 16. Moreover, the record reflects that the appellant's supervisor confirmed that the appellant's official duties included entering the employees' self-reported time and attendance data in the Castle system, and that the appellant unofficially monitored and tracked the time and attendance of certain employees including one of the employees under investigation. *Id*., Subtab A-4 at 2, 4.

¶11      We find that a disinterested observer, with knowledge of the essential facts known to and readily ascertainable by the appellant, could reasonably conclude that the actions disclosed by the appellant evidenced one or more of the conditions set forth in 5 U.S.C. § 2302(b)(8), such as a violation of law, rule, or regulation, and an abuse of authority. *See Tullis*, 117 M.S.P.R. 236, ¶ 11 (finding that an analyst in charge of travel made a nonfrivolous allegation that she made a protected disclosure in cooperating with the IG to report violations of travel rules and regulations). Accordingly, we modify the initial decision to find that the appellant made a nonfrivolous allegation that she reasonably believed that her disclosure evidenced one of the circumstances stated in 5 U.S.C. § 2302(b)(8). ID at 4-5.[4]

---

[4] Pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-19, 126 Stat. 1465, which became effective on December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014); *see* WPEA § 101(b)(1)(A). Prior to the enactment of the WPEA, an appellant only could file an IRA appeal with the Board based on allegations of whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *See Wooten v. Department of Health & Human Services*, 54 M.S.P.R. 143, 146 (1992), *superseded by statute as stated in Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 5 (2014). Following the WPEA's enactment, however, an appellant also may file an IRA appeal with the Board concerning alleged reprisal based on certain other classes of protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D). 5 U.S.C. § 1221(a); *Hooker*, 120 M.S.P.R. 629, ¶ 9.

<u>The appellant failed to nonfrivolously allege that her protected disclosure was a contributing factor in the agency's decision to take a personnel action against her.</u>

¶12    An employee may make a nonfrivolous allegation that a disclosure or a protected activity was a contributing factor in a personnel action by alleging circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or the protected activity and that the personnel action or the protected activity occurred within a period of time such that a reasonable person could conclude that the disclosure or the protected activity was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); *Johnson v. Department of Defense*, 95 M.S.P.R. 192, ¶ 8 (2003), *aff'd*, 97 F. App'x 325 (Fed. Cir. 2004). As long as a protected disclosure or a protected activity played any part in retaliation, it is a contributing factor. *Id.* In reaching that determination, the acting officials' alleged knowledge of the disclosure and the timing of the personnel action constitute nonfrivolous circumstantial evidence for consideration. *Id.*

¶13    The administrative judge found that the appellant failed to make a nonfrivolous allegation that her alleged protected activity was a contributing factor in the personnel action taken against her. ID at 6. The administrative judge found that the appellant failed to nonfrivolously allege that her supervisor knew about her disclosure because the appellant stated that she did not tell anyone; therefore, the knowledge/timing test did not apply. *Id.* The administrative judge also found that the appellant failed to identify any other reason why her alleged protected disclosure was a contributing factor in her

Here, it appears that the appellant also may be attempting to raise a claim that the agency retaliated against her because she engaged in protected activity under section 2302(b)(9). The Board, however, has declined to give retroactive effect to the other new IRA appeal rights provided under the WPEA for alleged violations of section 2302(b)(9)(A)(i), (B), (C), or (D). *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶¶ 7-8 (2015). Thus, to the extent the appellant is alleging that the agency violated section 2302(b)(9) prior to December 27, 2012, the WPEA would not apply to, and the Board would lack jurisdiction over, any such challenge under the pre-WPEA standards. *See id.*

suspension. *Id.* On review, the appellant lists alleged agency misconduct, which she categorized as contributing factors, but she offers no evidence or argument that her protected disclosure was a contributing factor in a personnel action taken against her.[5] PFR File, Tab 9 at 19-20. We therefore find that the administrative judge properly dismissed the appellant's IRA appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

---

[5] On review, the appellant argues, inter alia, that the agency suspended her in retaliation for her prior equal employment opportunity activity; but we note that the WPA does not extend to reprisal for filing equal employment opportunity complaints, which is protected by 5 U.S.C. § 2302(b)(9). PFR File, Tab 1 at 11; *see Williams v. Department of Defense*, 46 M.S.P.R. 549, 554 (1991).

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
 William D. Spencer
 Clerk of the Board

Washington, D.C.