# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROLYN COVINGTON, | DOCKET NUMBER |
| Appellant, | AT-1221-18-0560-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: January 31, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Carolyn Covington, Dillon, South Carolina, pro se.

Karla Dolby, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

On March 7, 2016, the appellant was appointed to a nursing position with the agency at the William Jennings Bryan Dorn VA Medical Center in Columbia, South Carolina. Initial Appeal File (IAF), Tab 2 at 4, 6. Pursuant to her appointment authority, the appointment was subject to the completion of a 2-year probationary period, at some point during which a Professional Standards Board (PSB) would be convened to conduct a review of her conduct and make a recommendation concerning her retention or separation from the agency. *Id*. at 4. Following its required review of the appellant, *id*. at 30-33, the agency issued her a notice of termination, stating that the PSB recommended that she be separated during her probationary period, effective February 23, 2018, *id*. at 4.

Subsequently, the appellant filed a complaint with the Office of Special Counsel (OSC), arguing that she was terminated in retaliation for filing an equal employment opportunity (EEO) discrimination complaint, for disclosing to management that patients were being burned by the use of an antibacterial soap called "hibiclens," and for seeking guidance from her local union about issues she was having with management. *Id*. at 1. On June 6, 2018, OSC informed the appellant that it was terminating its inquiry into her claims and that she had a right to seek corrective action with the Board. *Id*.

On June 11, 2018, the appellant filed the instant IRA appeal with the Board, arguing that her termination, among other things, was in retaliation for her whistleblowing activity. IAF, Tabs 1-2. On September 17, 2018, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that she made a protected disclosure or engaged in protected activity under the Whistleblower Protection Act (WPA). IAF, Tab 13, Initial Decision (ID) at 8-10. The appellant has filed a petition for

review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant established jurisdiction over her IRA appeal.

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedy before OSC and has made nonfrivolous allegations that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9) and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. § 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

A protected disclosure is a disclosure that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *Chambers v. Department of the Interior*, 515 F.3d 1362, 1367 (Fed. Cir. 2008); *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 18 (2013). A nonfrivolous allegation of a

---

[2] Following the close of the record on review, the appellant submitted a motion to submit an additional pleading. PFR File, Tab 6. In her motion, she provides a narrative argument, asserting that she did not have access to any of the PSB files or results and that the agency never witnessed her performing her duties, yet issued poor performance evaluations. *Id.* at 7-8. She also raises a discrimination claim and references two complaints related to this matter that were filed with the Equal Employment Opportunity Commission in 2017 and 2018. *Id.* at 8-9. The Board generally does not permit an additional pleading after the close of the record on review unless the party demonstrates a need for such a pleading. *See* 5 C.F.R. § 1201.114(a)(5) (requiring that a motion for leave to file an additional pleading on review "describe the nature of and need for the pleading"). Although the appellant's motion includes arguments related to her appeal, she has not specifically identified what she wishes to submit. PFR File, Tab 6. Further, given that we are remanding this appeal for further adjudication on the merits, the appellant will have the opportunity to submit additional evidence and argument when the record reopens below. Accordingly, we deny the appellant's motion to submit an additional pleading.

protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8)(A). *Salerno*, 123 M.S.P.R. 230, ¶ 6. A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions of the Government evidence one of the categories of wrongdoing listed in section 2302(b)(8)(A). *Id.* Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim. *Id.* at 5.

> *The appellant nonfrivolously alleged that she made protected disclosures.*

It appears undisputed that the appellant exhausted her remedy with OSC. IAF, Tab 2 at 1-3; ID at 8. At issue here is whether the appellant has nonfrivolously alleged that she made a protected disclosure or engaged in protected activity that was a contributing factor in at least one personnel action taken against her. ID at 9-10; PFR File, Tab 1 at 6, 8-9, 17, 25-31. In the initial decision, the administrative judge found that an individual's filing of an EEO complaint is not one of the forms of protected activity covered under the WPA by 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). ID at 9. He also found that the disclosure regarding the use of hibiclens was not a protected disclosure because "there is no evidence in the record about how common or serious the patient reactions" were. *Id.*

On review, the appellant appears to reassert her claim that her EEO complaint constituted protected activity, and she contends that the disclosure regarding the use of hibiclens constituted a protected disclosure, as did her communication with her union regarding placement of a falsified proficiency evaluation in the package submitted to the PSB. PFR File, Tab 1 at 8, 19, 14, 24, 26. Regarding the August 10, 2017 EEO complaint, we agree with the

administrative judge that this activity is not covered under the WPA. Although the appellant's EEO complaint does not appear to be included in the record, the appellant has claimed, and OSC has stated, that it was based on claims of discrimination. IAF, Tab 1 at 6; Tab 2 at 56. Such activity is not protected by 5 U.S.C. § 2302(b)(8) or (b)(9*). Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10, 21-23, *aff'd*, No. 2022-1967 (Fed Cir. July 7, 2023).[3]

Regarding the appellant's alleged disclosure concerning the agency's use of hibiclens, we disagree with the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that this constituted a protected disclosure. Given the nature of the appellant's position and her disclosure, we look at whether the appellant made a nonfrivolous allegation that she reasonably believed that her disclosure evidenced a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A)(ii). In determining whether a disclosure evidenced a substantial and specific danger to public health or safety, it is relevant for the Board to consider factors such as (1) the likelihood of harm resulting from the danger; (2) the imminence of the potential harm; and (3) the nature of the potential harm. *Chambers*, 515 F.3d at 1369; *Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 14 (2011).

Here, the appellant has alleged that the danger posed by the agency's use of a specific antibacterial soap had already resulted in harm. IAF, Tab 2 at 39.

---

[3] The Board has held that engaging in EEO activity is considered protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) only when the complaint seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). 5 U.S.C. §§ 1221(a), 2302(b)(9)(A); *see Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 15; *Edwards*, 2022 MSPB 9, ¶¶ 21-24 (clarifying that the Whistleblower Enhancement Act, Pub. L. No. 112-199, 126 Stat. 1465 (2012), did not expand the scope of section 2302(b)(8) to include Title VII claims). The appellant's own claims show that this is not the case here. Further, to the extent that the appellant's claims could fall under 5 U.S.C. § 2302(b)(9)(C) as a disclosure to an agency component responsible for internal investigation or review, that provision did not become law until December 12, 2017, postdating any personnel actions at issue in this appeal except for the termination decision itself. National Defense Authorization Act of 2018, Pub. L. No. 115-91 § 1097(c)(1), 131 Stat. 1283, 1618 (2017). That provision is not retroactive. *Edwards*, 2022 MSPB 9, ¶¶ 29-34.

Specifically, the appellant alleged that at least seven veterans in her unit suffered burns as a result of the agency's use of hibiclens and that several other units faced the same problems. *Id.* Further, the fact that the witnessed dangers are alleged to be limited to patients in the agency's facilities does not prevent the dangers from being substantial and specific to public health or safety. *See Wojcicki v. Department of the Air Force*, 72 M.S.P.R. 628, 634 (1996) (finding that a danger may be substantial and specific even though the perceived danger was to a limited number of Government personnel and not to the general public at large). Based on the foregoing, we find that the appellant nonfrivolously alleged that she reasonably believed that her disclosure evidenced a substantial and specific danger to public health or safety, and therefore, nonfrivolously alleged that she made a protected disclosure. As such, we reverse the administrative judge's finding that the appellant's claims could not constitute a nonfrivolous allegation of a protected disclosure because "there is no evidence in the record about how common or serious the patient reactions to hibiclens were." ID at 9. *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 17 (2002) (stating that it is well established that the WPA is a remedial statute intended to improve protections for Federal employees and, as such, it should be broadly construed in favor of those whom it was meant to protect).

The administrative judge did not address the appellant's contention that she made a protected disclosure when she sought guidance in January 2018 from her union because her supervisor had placed a falsified proficiency evaluation in the package provided to the PSB.[4] IAF, Tab 2 at 35, 38; PFR File, Tab 1 at 8-10, 14-15, 20. The appellant alleges that the evaluation recited accusations against her made by other employees, she had never been given an opportunity to address the accusations, and her supervisor falsely claimed that she had provided the appellant with multiple opportunities to sign the document but the appellant had

---

[4] The appellant does not allege that she filed a grievance over the matter, so she did not engage in protected activity as defined in 5 U.S.C. § 2302(9)(A)(i).

declined. PFR File, Tab 1 at 17, 20. We find that the appellant has made a nonfrivolous allegation that she reasonably believed she was disclosing an abuse of authority when she informed her union that her manager had placed the proficiency evaluation in a file provided to a PSB without ever showing the evaluation to the appellant or allowing her an opportunity to address the accusations in it or sign it. *See Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, 241, ¶ 13 (2001) (holding that an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons).

> *The appellant nonfrivolously alleged that the agency took three personnel actions against her.*

The administrative judge appears to have considered only the appellant's termination as a personnel action. ID at 8-10. However, the appellant alleged in her pleadings below that, in addition to her termination, in or around late July/early August 2017, the agency also reassigned her to a position as a nurse educator for the nursing service orientation and 1 month later detailed her to another position. IAF, Tab 2 at 43-44; Tab 10 at 16, 24, 27, 44. Both of these allegations were properly exhausted before OSC, IAF, Tab 2 at 1, and are recognized as personnel actions under 5 U.S.C. § 2303(a)(2)(A)(iv). Accordingly, we find that the appellant nonfrivolously alleged that the agency took three personnel actions against her—a termination, a detail, and a reassignment.[5]

---

[5] On review, the appellant also seems to assert that the agency took several other personnel actions against her, including subjecting her to a hostile work environment, stopping her pay and benefits 2 weeks prior to the effective date of her termination, not allowing her to participate in interdisciplinary teams, failing to provide her with a fair and sufficient orientation, failing to sufficiently question her during her probationary conduct proceeding, and falsifying proficiency reports. PFR File, Tab 1 at 8, 13, 15, 22-23, 27. However, the appellant has failed to show that any of these allegations were exhausted before OSC. We, therefore, are without jurisdiction to consider them. *See McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1375 (Fed. Cir. 2016)

*The appellant nonfrivolously alleged that the protected disclosure regarding hibiclens was a contributing factor in all three personnel actions.*

We now consider whether the appellant nonfrivolously alleged that her disclosure regarding hibiclens was a contributing factor in the personnel actions she alleges were retaliatory. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

In the initial decision, the administrative judge found that "even if the hibiclens issue constituted a protected disclosure . . . the jurisdictional test for contributing factor is nonetheless unsatisfied" because the appellant failed to allege that she believed that it was a contributing factor in any later personnel action against her and because it is unclear whether the PSB or deciding official was aware of it. ID at 9-10. We disagree.

An appellant may make a nonfrivolous allegation that a disclosure was a contributing factor in a personnel action by alleging circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Johnson v. Department of Defense*, 95 M.S.P.R. 192, ¶ 8 (2003), *aff'd*, 97 F. App'x 325 (Fed. Cir. 2004). First, the appellant meets the timing part of this knowledge and timing test because the detail and reassignment occurred within 6-7 months of the January 12, 2017 hibiclens disclosure, and the termination occurred approximately 13 months after the disclosure. IAF, Tab 2 at 4; Tab 10 at 10-11, 24, 44; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (stating that a personnel action that occurs within 1 to 2 years of the protected disclosures satisfies the knowledge/timing test).

Second, although the appellant does not allege that the official who issued the termination decision or the PSB, which established the basis for the termination, were aware of her disclosure, she does allege that her supervisor

_____

(finding that the Board is without jurisdiction to consider claims not exhausted with OSC).

influenced the PSB proceeding against the appellant's favor and that she had actual knowledge of the disclosure. IAF, Tab 2 at 34, 56-58, 61; Tab 10 at 8. Specifically, the appellant alleges, in both her pleadings below and again on review, that her supervisor made her the "point of contact" on the hibiclens issue, and was, therefore, aware of the disclosure. IAF, Tab 2 at 39; PFR File, Tab 1 at 24. She also alleges that her supervisor was the agency official who provided the evidentiary file to the PSB which contained accusations of misconduct reported by other employees and at least three falsified proficiency reports, and who "regulated" the PSB process. IAF, Tab 2 at 56-58; Tab 10 at 8, 14; PFR File, Tab 1 at 4, 8, 10, 16. This amounts to an allegation that the agency decision makers either knew of the disclosure via the appellant's supervisor, or were influenced by the supervisor, who allegedly knew of the disclosure. *See Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007). Because the appellant's burden at this stage is only to make a nonfrivolous claim, the allegation of knowledge or constructive knowledge is sufficient to meet that low standard. *See id.*

Furthermore, the appellant alleges that the same supervisor who had actual knowledge of the disclosure, *see supra* p.8, was directly involved in the July/August 2017 reassignment and detail. IAF, Tab 2 at 43-44. Moreover, the reassignment and detail occurred approximately 7 or 8 months after the appellant made the hibiclens disclosure. Thus, we find that the appellant has also made a nonfrivolous allegation that the disclosure was a contributing factor in these personnel actions.

> *The appellant nonfrivolously alleged that her disclosure regarding the proficiency evaluation was a contributing factor in the termination.*

Now we must determine whether the appellant has made a nonfrivolous allegation that her second disclosure was a contributing factor in the personnel actions. First, she alleges that her disclosure to the union regarding the falsified

proficiency evaluation occurred in January 2018, which was after the reassignment and detail, so the communication could not have been a contributing factor in those actions. *See Orr v. Department of the Treasury*, 83 M.S.P.R. 117, 124 (1999) (holding that when the personnel action occurred before the protected disclosures the disclosures could not have been a contributing factor in the action), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000).

Further, while it is difficult to determine definitively from this record, it does not appear that the appellant is alleging that the individuals involved in, or who influenced, the termination had any direct knowledge of her communication with the union. Nonetheless, in assessing whether a disclosure was a contributing factor in a personnel action, the Board may consider other relevant evidence, including but not limited to, the strength or weakness of the agency's reasons for taking the personnel action(s), whether the whistleblowing disclosure and/or protected activity was directed at the responsible agency officials, and whether the responsible agency officials had a desire or motive to retaliate against the appellant. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 65; *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 156 (1995).

Considering these factors, we find that, based on the current state of the record, it is not possible to meaningfully evaluate the strength of the evidence supporting the PSB recommendation to terminate the appellant or the termination action itself. However, the appellant's disclosure regarding the falsified proficiency evaluation targeted the supervisor who provided the evidentiary file to the PSB, and that file contained the accusations of misconduct reported by other employees as well as the falsified proficiency report at issue. Therefore this disclosure was directed at an individual who the appellant alleges had significant influence over the process leading up to the termination, and who would have had a motive to retaliate against the appellant. Accordingly, weighing the allegations relevant to these factors, we find that the appellant has met her burden to make a

nonfrivolous allegation that the disclosure to the union was a contributing factor in her termination.

<u>The Board does not have jurisdiction to consider the appellant's due process and harmful procedural error claims or to consider the merits of her termination.</u>

On review, the appellant argues that the agency violated her due process rights because it did not provide her with a sufficient opportunity to provide her version of events at the PSB hearing.[6]  PFR File, Tab 1 at 5-8, 10-18.  This claim includes her many assertions, among others, that she was not cross-examined on the alleged misconduct before the PSB, that she did not have access to the PSB file until shortly before the hearing, that 97% of the information that her supervisor provided to the PSB was not witnessed by the supervisor, and that the PSB did not fully review her evidence file.  *Id.* at 4-7, 18.

The appellant also appears to argue on review that the agency engaged in harmful procedural error.  *Id.* at 15, 22, 24.  Specifically, she alleges that the PSB should have been comprised of outside employees of the agency from a different location, but it was not.  *Id.* at 15.  She also alleges that the agency was supposed to place a self-generated proficiency document into her personnel folder, which would have gone to the PSB, but it did not.  *Id.* at 23.  She also alleges that the agency was required to assist her in completing a satisfactory orientation, and it did not.  *Id.* at 24.  However, the Board is without jurisdiction to consider due process and harmful procedural error claims in an IRA appeal.  *See Parikh*, 116 M.S.P.R. 197, ¶ 34 (finding that the Board lacks jurisdiction over an allegation of a due process violation raised in an IRA appeal under 5 U.S.C. § 1221); *see Salerno*, 123 M.S.P.R. 230, ¶ 15 (finding that the Board did not have jurisdiction to consider an appellant's harmful procedural error claim directed at

---

[6] The appellant appears to also allege that the agency violated her constitutional right of equal protection; however, she does not provide any basis for this assertion, but rather she discusses it exclusively within the context of her due process claims.  PFR File, Tab 1 at 4-7, 14-18, 31.  As such, we have considered these assertions as a single claim.

the conduct of the OSC because the instant action before the Board was an IRA appeal).

The appellant also spends a significant portion of her petition for review arguing the underlying merits of the PSB proceeding and subsequent termination. PFR File, Tab 1 at 19-31. The Board is also without jurisdiction to consider these claims. *See Geyer v. Department of Justice*, 70 M.S.P.R. 682, 687 (1996) (stating that the Board lacks the authority in an IRA appeal to adjudicate the merits of an underlying personnel action and is limited to adjudicating the whistleblower allegations), *aff'd*, 116 F.3d 1497 (Fed. Cir. 1997) (Table).

Because we find that the appellant has established jurisdiction, we remand the appeal for a hearing on the merits. *See Salerno*, 123 M.S.P.R. 230, ¶ 5.

## ORDER

For the reasons discussed above, we REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.